IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02732-MJW

ROBERT C. ESPINOZA,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

## OPINION AND ORDER

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

The government determined that Robert Espinoza is not disabled for purposes of Supplemental Security Insurance under the Social Security Act. Baxter has asked this Court to review that decision.

The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and both parties have agreed to have this case decided by a U.S. Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the Court AFFIRMS the government's determination.

## Discussion

In Social Security appeals, the Court reviews the decision of the administrative law judge ("ALJ") to determine whether the ALJ applied the correct legal standards and whether substantial evidence supports the ALJ's factual findings. *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires

2

more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted).  The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).  The Court cannot reweigh the evidence or its credibility.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Plaintiff presents a single argument on appeal: that the ALJ conducted an improper credibility analysis because the credibility determination rested on nothing more than an absence of corroborating, objective medical evidence.  Plaintiff correctly states the legal standard; the credibility analysis would indeed be improper if it rested solely on the absence of objective medical evidence.  20 C.F.R. § 416.929(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements."); *see also Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987).  But such is not the case here.  Rather, the ALJ made several findings from the record, all legally valid and all supporting his credibility determination:

- The state agency consultant, Dr. McElhinney, opined that Plaintiff was not as limited as Plaintiff claimed (AR 15);
- Plaintiff displayed a reasonable range of motion with no pain during a physical examination (AR 16);

3

- Plaintiff's medication and other treatment has been both conservative and largely successful (AR 16); and

- Plaintiff's daily activities, and appearance at the ALJ's hearing, suggested minimal limitations related to pain (AR 17).

Taken together, this is substantial evidence sufficient to support the ALJ's credibility determination. The ALJ did not rest his credibility determination on the absence of corroborating medical evidence, but rather on the presence of contradicting medical and nonmedical evidence.

## **Conclusion**

For the reasons set forth above, the Commissioner's decision is AFFIRMED.

Dated this 22nd day of January, 2016.

BY THE COURT:

*/s/ Michael J. Watanabe*
MICHAEL J. WATANABE
United States Magistrate Judge